**SCHWARZ PHARMA, INC. and Schwarz Pharma AG, Plaintiffs–Appellees,**

and

**Warner–Lambert Company, Plaintiff–Appellee,**

v.

**TEVA PHARMACEUTICALS USA, INC., Defendant–Appellant.**

**No. 05–1257.**

United States Court of Appeals, Federal Circuit.

May 2, 2005.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

*ORDER*

Schwarz Pharma, Inc. and Schwarz Pharma AG (Schwarz) move to dismiss Teva Pharmaceuticals USA, Inc.'s appeal 05–1257. Schwarz states that Warner–Lambert Company consents. Teva opposes. Schwarz replies.

Schwarz brought suit against Teva in the United States District Court for the District of New Jersey for patent infringement.* *Schwarz Pharma, Inc. v. Teva Pharmaceuticals USA, Inc.*, No. 01–4995.

* Warner was joined as an involuntary plaintiff.

Schwarz's amended complaint sought, inter alia, preliminary and permanent injunctive relief. On August 2, 2004, Schwarz moved for a preliminary injunction. Before the hearing on Schwarz's motion, Teva consented to the entry of an injunction to remain in effect "pending final resolution of this action." The order was entered on September 23, 2004. The district court proceeded to consider the case on the merits and on January 4, 2005 granted summary judgment in favor of Schwarz and dismissed Teva's affirmative defenses and counterclaims. The district court subsequently denied Teva's motion to amend its answer and Teva filed a notice of appeal, citing 28 U.S.C. § 1292(c)(2).

Pursuant to 28 U.S.C. § 1292(c)(2), in a patent case a party may appeal a judgment that is final except for an accounting. Schwarz contends that Teva's appeal is premature because Schwarz's request for a permanent injunction has not been adjudicated and thus the district court's decision is not final except for an accounting. Schwarz cites the Fifth Circuit's decision in *Stamicarbon, N.V. v. Escambia Chemical Corp.*, 430 F.2d 920, 930 (5th Cir.1970) for the proposition that a case is not final except for an accounting if an unadjudicated request for injunctive relief remains pending before the district court. Teva concedes that an unadjudicated request for an injunction may pose a jurisdictional barrier, but contends that the injunction entered by the district court on September 23, 2004 gave Schwarz all the relief that it requested and thus there are no issues pending before the district court except for an accounting.

We agree with Schwarz that Teva's appeal is premature because Schwarz's request for permanent injunctive relief remains pending before the district court. The district court infringement action on the merits is over, save for the request for a permanent injunction. Thus, Teva's appeal is premature and must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) Schwarz's motion to dismiss is granted.

(2) Each side shall bear its own costs.